

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-86,082-01 and -02

### EX PARTE TERRY GLENN BROUN, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 22912 HC-1 and 22913 HC-1 IN THE 6th DISTRICT COURT FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and indecency with a child by contact. He was sentenced to life and twenty years' imprisonment, respectively. He did not appeal his convictions.

Applicant pled guilty pursuant to an agreement with the State and he contends, *inter alia*, that his pleas were involuntary because counsel erroneously advised him that he would be eligible for parole in fifteen years in his continuous sexual abuse case. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex*

*parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish